**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____
**DAMIEN ADAMS,**

                        **Plaintiff,**                    **9:12-cv-1400
                                                               (GLS/ATB)**

                    v.

**SUPERINTENDENT D. ROCK et al.,**

                        **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Damien Adams
Pro Se
06-A-1783
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN    JOSHUA E. MCMAHON
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Damien Adams commenced this action against defendants A. Lashway, D. Rock, T. Zerniak, R. Bishop, Traver, Cromp, R. Winston, Mitchee,[1] and Orzech, pursuant to 42 U.S.C. § 1983, alleging violations of the First, Eighth, and Fourteenth Amendments.[2] (*See generally* Compl., Dkt. No. 1.)

On March 7, 2014, defendants moved for summary judgment. (Dkt. No. 47.) In a Report-Recommendation (R&R) issued on December 9, 2014, Magistrate Judge Andrew T. Baxter recommended that defendants' motion for summary judgment be granted in its entirety, and Adams' complaint be dismissed. (Dkt. No. 55.) Pending are Adams' objections to the R&R. (Dkt. No. 56.) For the reasons that follow, the R&R is adopted in its entirety.

## II. **Background**

Adams is an inmate currently in the custody of the New York State Department of Corrections and Community Supervision, and, during the time period relevant to his claims, was housed at Upstate Correctional

---

[1] Although named in the complaint as "Mitchee," it appears that the party's proper name is Mitchell. (Dkt. No. 55 at 2 n.2.) The court will thus refer to him as such.

[2] By Decision and Order dated January 4, 2013, this court *sua sponte* dismissed Adams' due process, interference-with-grievance, and equal protection claims, and thus also dismissed Zerniak and Orzech as defendants in this action. (Dkt. No. 14.)

2

Facility. (Defs.' Statement of Material Facts (SMF) ¶¶ 1-2, Dkt. No. 47, Attach. 1.) Shortly after he arrived at Upstate, Adams prepared a grievance about the condition of his cell. (*Id.* ¶ 2.) On May 15, 2012, Adams put his grievance in the mail, which was collected by Mitchell. (*Id.* ¶¶ 3, 5-6.) Later that same day, Winston issued a misbehavior report to Adams for failing to return his food tray and disobeying a direct order. (*Id.* ¶ 11.) Adams alleges that this misbehavior report was issued in retaliation for his submission of a grievance earlier that day. (Compl. at 5.) At the time Winston issued the misbehavior report, he had no knowledge of Adams' grievance. (Defs.' SMF ¶ 12.)

Adams alleges that, in anticipation of his disciplinary hearing, he "was placed on a Pre-Hearing Restricted Diet for seven days total," which caused him to feel ill. (Compl. at 6.) According to Adams, Traver and Lashway ignored his complaints and his efforts to secure medical treatment. (*Id.* at 6, 8.) Adams alleges that he submitted two additional grievances in June 2012, in which he complained about the false misbehavior report and the lack of medical attention provided to him in response to his complaints. (*Id.* at 8-9.) He contends that these grievances were never properly processed by the grievance investigator,

Cromp, "in retaliation for filing them at this point." (*Id.*) Upstate does not have any record of these grievances ever being filed. (Defs.' SMF ¶ 23.)

### III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

### IV. Discussion

In his R&R, Judge Baxter recommended that defendants' motion for summary judgment be granted and all of Adams' claims dismissed. (Dkt. No. 55.) First, with respect to Adams' claim regarding being placed on a restricted diet, Judge Baxter recommended that it be dismissed, noting the

4

caselaw precedent within the Second Circuit dismissing Eighth Amendment claims premised on the imposition of similar dietary restrictions, as not alleging a sufficiently serious deprivation to constitute cruel and unusual punishment. (*Id.* at 5-7 (citing, *inter alia*, *McEachin v. McGuinnis*, 357 F.3d 197, 199-200 (2d Cir. 2004).) Next, with respect to Adams' medical indifference claim, Judge Baxter recommended dismissal because Adams' allegations were not supported by any facts in the record, and because the issues of which Adams complained—constipation and minor bleeding during bowel movements—were not sufficiently serious to satisfy the objective component of an Eighth Amendment deliberate indifference claim. (*Id.* at 8-13.) Further, Judge Baxter noted that Adams' claim was based merely on his subjective "disagreement with the medical staff's judgment as to appropriate treatment[, which] does not rise to the level of deliberate indifference." (*Id.* at 15 (citing *Black v. Fischer*, No. 9:08-CV-0232, 2010 WL 2985081, at *11 (N.D.N.Y. July 1, 2010).)

Judge Baxter also recommended dismissing Adams' First Amendment retaliation claim because he could not establish a causal connection between his protected conduct—filing grievances—and any adverse action on the part of the defendants against whom this claim is

5

alleged.  (*Id.* at 16-26.)  Specifically, Adams failed to demonstrate that either Mitchell or Winston, who were alleged to have filed a misbehavior report against him in retaliation for his filing of grievances, even knew about the grievances he had filed.  (*Id.* at 19-23.)  Further, Adams could not prove that Cromp declined to process two particular grievances filed by Adams, in retaliation for his filing of those same grievances, because there was no record evidence that Adams ever submitted such grievances, and, in any event, "'the refusal to process a small number of grievances does not constitute an adverse action' required to support a First Amendment retaliation claim."  (*Id.* at 23 (quoting *Hill v. Laird*, No. 06-CV-126, 2014 WL 1315226, at *10 (E.D.N.Y. Mar. 31, 2014).)  Finally, as to Rock, Adams failed to demonstrate personal involvement in any of the alleged constitutional violations.  (*Id.* at 25-26.)

Here, in his objections, Adams utterly fails to identify errors with any specific portion of the R&R.  (*See generally* Dkt. No. 56.)  Instead, he simply states, in a single sentence, that he "wish[es] at this time to make a[n] objection to the decision render[ed] on the date of December 9, 2014."  (*Id.*)  This "objection" is not sufficient to trigger *de novo* review.  Accordingly, consistent with the standards set forth in *Almonte*, 2006 WL

149049, at *3-5, the court has carefully reviewed the record, found no clear error in the R&R, and adopts it in its entirety.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's December 9, 2014 Report-Recommendation (Dkt. No. 55) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 47) is **GRANTED**; and it is further

**ORDERED** that Adams' complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 24, 2015
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court